IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| JESUS RAMIREZ-ORTEGA, also known as "PRIMO," and "THE MEXICAN" | NO. 11-251-07 |

DuBois, J.                                                                                              August 14, 2020

**M E M O R A N D U M**

## I.   INTRODUCTION

*Pro se* defendant, Jesus Ramirez-Ortega, is an inmate at Allenwood Low Federal Correctional Institution ("Allenwood Low"), in Allenwood, Pennsylvania. On January 4, 2017, *pro se* defendant pled guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841(a), (b)(1)(A). He was sentenced by the Court on April 5, 2017 to, *inter alia*, 100 months' imprisonment. The Government reports that *pro se* defendant's estimated release date is September 24, 2022. Govt.'s Resp. 2.

Presently before the Court is *pro se* defendant's Emergency Motion for Compassionate Release Pursuant to the CARES Act, First Step Act and Under 18 U.S.C. 3582(c)(1)(A) & (2). For the reasons that follow, *pro se* defendant's Motion is denied and dismissed.

## II.   BACKGROUND

On May 18, 2020, amid the global pandemic triggered by COVID-19, *pro se* defendant filed a request for immediate release to home confinement with the Warden of Allenwood Low. *Pro se* Def.'s Mot. Attach. 2. After reviewing *pro se* defendant's circumstances, the request was denied. *Id.* Attach. 3. On May 26, 2020, *pro se* defendant filed a request with the Warden for

compassionate release. *Id.* Attachs. 3 & 5.[1] After reviewing *pro se* defendant's medical records, the Warden denied the request for compassionate release on June 8, 2020. *Id.* Attach. 3. On June 19, 2020, *pro se* defendant filed a motion for compassionate release in this case pursuant to 18 U.S.C. § 3582(c)(1)(A), or, alternatively, immediate release to home confinement pursuant to the CARES Act. *Pro se* Def.'s Mot. 3, 12.[2] He is 52 years old and admits that he does "not have any current CDC listed health issues" and that his request is not based on "health issues whatsoever." *Id.* at 3, 8. Rather, *pro se* defendant relies on his general "fear" of contracting COVID-19 and his argument that he satisfies the criteria established by the Bureau of Prisons' ("BOP") Program Statement 5050.50. *Id.* at 3, 8. In response, the Government states that the motion should be denied because *pro se* defendant's "medical conditions appear[] relatively normal" and the BOP Program Statement is inapplicable to a judicial determination of entitlement to compassionate release. Govt.'s Resp. 1; Govt.'s Suppl. Resp. 2. The Government also reports that there have been no known positive cases of COVID-19 among the inmates at Allenwood Low. Govt.'s Resp. 7.

### III.   DISCUSSION

*Pro se* defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). *Pro se* Def.'s Mot. 3. Section 3582(c)(1)(A)(i) permits a federal prisoner to petition a court for

---

[1] A defendant may only petition a court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) after (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Third Circuit has held that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement" has "critical . . . importance." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (applying the exhaustion requirement in the context of the COVID-19 pandemic). It appears on the record before the Court that *pro se* defendant has exhausted his administrative remedies.

[2] By Order dated June 30, 2020, the Court referred the Motion to the Federal Community Defender Office for the Eastern District of Pennsylvania for review. On July 14, 2020, the Office reported that it would not file a motion for compassionate release on behalf of *pro se* defendant. By Order dated July 14, 2020, the Court directed the Government to file a response to the Motion. The Government responded on July 27, 2020.

compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Generally, "extraordinary" means "[b]eyond what is usual, customary, regular, or common" and a "compelling need" is a "need so great that irreparable harm or injustice would result if it is not met." *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (quoting *Extraordinary*, Black's Law Dictionary (11th ed. 2019)). "Extraordinary and compelling reasons," for purposes of § 3582(c)(1)(A)(i), were previously defined by a policy statement in § 1B1.13 of the United States Sentencing Guidelines, which cited the medical condition, age, family circumstances of the defendant, and "other reasons" as determined by the BOP. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). While courts have concluded that this policy statement is no longer binding after enactment of the First Step Act, the "old policy statement provides helpful guidance" for courts applying § 3582(c)(1)(A)(i). *United States v. Beck*, No. 13-cr-186, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *see also Coleman v. United States*, No. CV 20-1769, 2020 WL 2079406, at *6 (E.D. Pa. Apr. 30, 2020) (DuBois, J.).

The Court concludes that *pro se* defendant's primary reason for compassionate release—his general fear of contracting COVID-19—does not satisfy the "extraordinary and compelling reasons" requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. Moreover, "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner." *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020). Accordingly, *pro se* defendant's general fear of contracting COVID-19 while imprisoned at

3

Allenwood Low does not represent an extraordinary and compelling reason warranting compassionate release.

*Pro se* defendant nonetheless contends that he need not suffer from "any current CDC listed health issues" to warrant "preventative release from custody." *Pro se* Def.'s Mot. 3. In support of this argument, *pro se* defendant cites a case in which the District Court for the Southern District of Mississippi granted a motion for compassionate release filed by an inmate who did not suffer from any health issues. *United States v. Kelly*, No. 13-59, 2020 WL 2104241, at *6-8 (S.D. Miss. May 1, 2020). However, that inmate was serving his sentence at a BOP facility located in Oakdale, Louisiana, in which "33 prisoners and 17 staff . . . ha[d] tested positive for COVID-19, and seven prisoners ha[d] been killed by the virus." *Id.* at *6. The *Kelly* court ruled, based on that record, that "the steadily growing death toll and the apparent continued spread of the disease" at the facility created an extraordinary and compelling reason warranting compassionate release. *Id.* at *8. *Kelly* is clearly distinguishable from this case on that ground. *Pro se* defendant's submissions on this issue are limited to the fact that "at least two staff members" at the Allenwood complex have tested positive for the virus. *Pro se* Def.'s Mot. Attach. 4 at 2. Considered in light of the Government's report that there have been no known positive COVID-19 cases among the inmates at Allenwood Low, the report of at least two positive cases among staff members does not represent an extraordinary and compelling reason warranting compassionate release.

The Court further concludes that *pro se* defendant's argument based on BOP Program Statement 5050.50 is unavailing. *See* U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 5050.50 [hereinafter BOP Program Statement 5050.50], Jan. 17, 2019, https://www.bop.gov/policy/ progstat /5050_050_EN.pdf. Program Statement 5050.50 provides

internal guidance to the BOP and "governs only BOP's internal assessment of a request for compassionate release." Govt. Suppl. Resp. 2. The Court agrees with what Judge Anita Brody stated in *Rodriguez*—"Congress never delegated any authority to the BOP to define the term 'extraordinary and compelling,' nor did it ever instruct courts to act consistently with the BOP's internal guidance." 2020 WL 162733 at *6 n.12. Moreover, even if the Court were to consider the guidance set forth in the Program Statement in evaluating defendant's Motion, defendant would not qualify for compassionate release. As the Government argues in its Supplemental Response, defendant "does not qualify for relief under that [Program Statement]" because "he does not present any extraordinary medical or other circumstance warranting relief," a statement with which the Court agrees. Govt.'s Suppl. Resp. 2. In short, the Court concludes that *pro se* defendant has failed to present any "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The Court thus denies defendant's request for compassionate release.[3]

*Pro se* defendant also cites the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020), and requests immediate release to home confinement. *Pro se* Def.'s Mot. 2, 12. In response to the threat of COVID-19 outbreaks in prisons, the CARES Act expanded the authority of the Bureau of Prisons ("BOP") to transfer federal inmates to home confinement to serve the remainder of their sentence. In relevant part, the CARES Act provides that if the Attorney General "finds that emergency conditions will materially affect the functioning of the [BOP]," the BOP Director may temporarily "lengthen the maximum amount of time for which the Director is authorized to

---

[3] The Court notes that BOP Program Statement 5050.50 applies to compassionate release determinations, not to release on home confinement, as argued by *pro se* defendant. *Pro se* Def.'s Mot. 2-3, 8-9

place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2).[4]  Pub. L. No. 116-136 § 12003(b)(2).  On April 3, 2020, the Attorney General made the requisite finding of emergency conditions and authorized the BOP Director to transfer prisoners with greater vulnerability to COVID-19 to home confinement.  *See* Mem. from Att'y Gen. William Barr to Dir. of BOP, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

Importantly, the BOP has sole authority to determine which inmates to move to home confinement under 18 U.S.C. § 3624(c)(2).  *See United States v. Mansaray*, No. CR 13-236, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020) ("This discretion rests solely with the Attorney General and the BOP Director."); *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *6 (M.D. Pa. Apr. 30, 2020) ("[T]he jurisdiction of [a home confinement] determination [under the CARES Act] is with the Director of the Bureau of Prisons.") (internal citation and quotation marks omitted).  Such a determination is not reviewable by courts.  *See* 18 U.S.C. § 3621(b) ("[A] designation of a place of imprisonment . . . is not reviewable by any court."); *see also United States v. Powell*, No. CR 15-496-4, 2020 WL 2848190, at *2 n.5 (E.D. Pa. June 2, 2020).  The Court is therefore without jurisdiction to adjudicate *pro se* defendant's request for home confinement under the CARES Act.

IV.    CONCLUSION

For the foregoing reasons, *pro se* defendant's Emergency Motion for Compassionate Release Pursuant to the CARES Act, First Step Act and Under 18 U.S.C. 3582(c)(1)(A) & (2) is denied and dismissed.  To the extent that *pro se* defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Motion is denied.  To the extent that *pro se* defendant requests

---

[4] 18 U.S.C. § 3624(c)(2) provides, *inter alia*: "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."

home confinement designation under the CARES Act, the Motion is dismissed for lack of jurisdiction. An appropriate order follows.